United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO RODRIGUEZ-ALVARRAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1821-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arturo Rodriguez-Alvarran appeals his sentence for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He argues that the district court committed reversible error by sentencing him pursuant to a mandatory sentencing guidelines scheme in light of United States v. Booker, 125 S. Ct. 738 (2005).

The district court committed "Fanfan" error by sentencing Rodriguez-Alvarran pursuant to a mandatory guidelines scheme.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). Although Rodriguez-Alvarran contends that such error is structural, this argument is foreclosed by circuit precedent. See <u>id.</u> at 463.

The Government concedes that Rodriguez-Alvarran preserved his <u>Fanfan</u> claim. As such, this court reviews the claim for harmless error. <u>See</u> <u>id.</u> at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we VACATE the sentence and REMAND for resentencing in accordance with <u>Booker</u>.

Rodriguez-Alvarran also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Rodirguez-Alvarran's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Rodriguez-Alvarran contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Rodriguez-Alvarran properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent,

but he raises it here to preserve it for further review.

Accordingly, Rodriguez-Alvarran's conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.